IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK CLARK, et al.,

    Plaintiffs,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.

No. C 96-1486 CRB

**ORDER REGARDING BURDEN OF PROOF**

This Court is in receipt of the parties' trial briefs, which reflect each party's belief that it does not bear the burden of proof at the upcoming April 26, 2010, evidentiary hearing. For the reasons that follow, this Court concludes that, pursuant to Gilmore v. California, 220 F.3d 987 (9th Cir. 2000), Defendants shall bear the burden of proof.

Gilmore, like this case, concerned the State of California's effort to terminate the order of prospective relief in a prison case. The order of relief in that case concerned the conditions of confinement for condemned prisoners, and the State argued that the order could no longer stand under the Prison Litigation Reform Act ("PLRA"). The district court agreed and terminated the prospective relief provisions of the consent decree. The Ninth Circuit affirmed the decision. The full breadth of the Gilmore opinion is not necessary to resolve the question currently before this Court. Instead, it is sufficient to quote from one passage: "[N]othing in the termination provisions [of the PLRA] can be said to shift the burden of

1    proof from the party seeking to terminate the prospective relief." Id. at 1007.  Just as in
2    Gilmore, this case involves the State's motion to terminate prospective relief.  Therefore, the
3    burden rests on Defendants.

4        Defendants disagree and point this Court to two subsequent Ninth Circuit cases:
5    Mayweathers v. Newland, 258 F.3d 930 (9th Cir. 2001), and Hallet v. Morgan, 296 F.3d (9th
6    Cir. 2002).  At the outset, it must be noted that even if Mayweathers and Hallet were on all
7    fours with this case, neither case was decided by the Circuit sitting en banc.  Therefore,
8    neither subsequent case could have overruled Gilmore.  In any event, neither case dealt with
9    a state's attempt to terminate relief under the PRLA.  Mayweathers, for instance, concerned
10   the direct appeal of the issuance of a preliminary injunction.  The Circuit observed that the
11   plaintiffs bore the burden in obtaining a preliminary injunction, and indeed there is nothing
12   surprising about this.  But a motion for a preliminary injunction is not the same thing as a
13   motion to terminate prospective relief.  While Mayweathers did opine in dicta that such a
14   burden "conforms with how the PLRA governs the termination of final prospective relief,"
15   the latter issue was clearly not before the court.

16       Similarly, Hallet concerned a distinct procedural vehicle, and hence involved a
17   different burden analysis.  The decree in Hallet was scheduled to expire on January 12, 1999,
18   unless it was timely extended.  296 F.3d at 738.  In 1998, Plaintiffs moved "to extend
19   jurisdiction over the consent decree for an additional period of time."  Id.  The district judge
20   denied the motion, granted the Defendants' motion to terminate, and Plaintiffs appealed.  The
21   State in this case argues that Hallet reflects the Circuit's conclusion that "the burden of proof
22   to show a current and ongoing violation of federal rights on the party seeking to continue the
23   prospective relief."  Br. at 10.  This is not so.  Hallet's reference to the burden of proof
24   referred specifically to the *plaintiffs'* motion to extend jurisdiction, not the defendants'
25   motion to terminate relief.  The Court simply did not address the burden applicable to the
26   motion to terminate.  This conclusion is buttressed by the fact that, in discussing the different
27   standards applicable to granting prospective relief and terminating prospective relief, the
28   Hallett court quoted extensively from Gilmore.

2

While Defendants also cite to a number of cases outside this circuit, this Court remains bound by Gilmore. The burden of proof relating to the motion to terminate shall rest on Defendants.

**IT IS SO ORDERED.**

Dated: April 2, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE