**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DERRICK CLARK, et al., | No. CV 96-1486 CRB/NJV |
| Plaintiffs, | **ORDER COMPELLING PRODUCTION OF DOCUMENTS AND ADDRESSING ADDITIONAL DISCOVERY ISSUES** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

     This matter is before the court on Plaintiffs' request to compel the production of various documents related to the deposition of the State of California's rebuttal expert, Dr. Scaramozzino. The Court, having considered the parties' written submissions and the argument of counsel presented at the April 6, 2010 telephonic hearing, hereby orders as follows:

1. By close of business on April 13, 2010, counsel for the State shall:

   a. Confirm that Dr. Scaramozzino has produced all drafts of his expert report that are in his possession;

   b. Request that Dr. Scaramozzino contact the parties to whom he circulated the draft report attached to his March 7, 2010 email to counsel for the State to inquire as to whether any of those parties have preserved a copy of that missing draft report;

   c. Confirm that counsel for the State is not in possession of the missing draft report attached to Dr. Scaramozzino's March 7, 2010; and

   d. Inquire with the information technology professionals that serve the Attorney General's office as to whether there exists any back up, archived or other such copy of Dr. Scaramozzino's March 7. 2010 email with the missing draft report attached.

2. Should any of these efforts result in the discovery of the missing draft report, or any other draft reports not previously produced to Plaintiffs, the State shall immediately produce the same to counsel for Plaintiffs. In the event that the missing draft report cannot be located through the efforts detailed herein, Plaintiffs may move the Court for an appropriate remedy.

3. Based upon the Court's in camera inspection of the remaining two documents in dispute (i.e., "Summary of Clark Deposition" and "Clark v. California - DDP information"), as well as the Court's review of Dr. Scaramozzino's expert report and the explanation of defense counsel as to why those two documents were attached to Dr. Scaramozzino's March 25, 2010 email, the Court finds that those two documents "could reasonably be viewed as germane to the subject matter on which the expert has offered an opinion" and are therefore discoverable Federal Rule of Civil Procedure 26(a)(2)(B). *See Securities and Exchange Commission v. Reyes*, 2007 WL 963422, *2 n. 2 (N.D.Cal. March 30, 2007); *South Yuba River Citizens League v. National Marine Fisheries Service,* 257 F.R.D. 607, 610-15 (E.D.Cal. May 6, 2009). Counsel for the State shall produce copies of the "Summary of Clark Deposition" and the "Clark v. California - DDP information" documents to counsel for Plaintiffs by close of business on April 6, 2010.

3. The April 7, 2010 deposition of Dr. Scaramozzino shall re-scheduled for a time and place that is mutually convenient for the parties and the witness and shall be completed no later April 23, 2010.

4. No later than close of business on April 9, 2010, the parties shall submit a joint proposed protective order regarding the redacted declarations addressed at the March 26, 2010 discovery hearing. Within one business day of entry of the protective order

by the Court, Plaintiffs shall produce to the State unredacted copies of the declarations at issue.

5. Inmate Daniel Mendez shall either be produced for deposition or withdrawn from Plaintiffs' witness list by close of business on April 15, 2010.

**IT IS SO ORDERED.**

Dated:  April 6, 2010

NANDOR J. VADAS
United States Magistrate Judge