EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
MICHAEL QUINN
Deputy Attorney General
DANIELLE F. O'BANNON
Deputy Attorney General
JULIANNE MOSSLER
Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5781
 Fax:  (415) 703-5843
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants State of California, et al.*

PRISON LAW OFFICE
DONALD SPECTER – 83925
SARA NORMAN - 189536
SUSAN CHRISTIAN - 121210
PENNY GODBOLD - 226925
ZOE SCHONFELD - 243755
General Delivery
San Quentin, California 94964
Telephone: (510) 280-2621
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DERRICK CLARK, et al.,**<br><br>                                    Plaintiffs,<br><br>     v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>                                    Defendants. | C 96-1486 CRB<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER**<br><br>Date:         April 26, 2010<br>Time:        9:30 a.m.<br>Courtroom: 8, 19th Floor<br>Judge        The Honorable Charles R. Breyer<br>Action Filed:  April 22, 1996 |

1

SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES HEREBY STIPULATE that the following provisions shall apply to unredacted inmate declarations obtained by Defendants from Plaintiffs in connection with discovery in this action, as addressed in Magistrate Judge Nandor Vadas' March 10, 2010 order in this case.

1. The identities and CDCR numbers of the inmates obtained by Defendants from Plaintiffs through the specified declarations shall be regarded as confidential – attorney's eyes only and subject to this Protective Order.

2. The confidential - attorney's eyes only material may be disclosed only to the following persons:

    a. Counsel for the parties in this action, and Julian Martinez, from the Office of Court Compliance;

    b. Paralegal, clerical, and other personnel regularly employed by counsel of record;

    c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to proceedings in this action;

    d. Any expert or consultant retained by either party or the Court for purposes of this action;

    e. Court reporter(s) employed in this action;

    f. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this Order; and

    g. Any other person as to whom the parties in writing agree.

3. Each person to whom disclosure of the names and/or CDCR numbers of the inmates named in the declarations specified above shall, prior time of disclosure, be made aware of, and agree to abide by, the terms of this Protective Order.

4. All confidential - attorney's eyes only material shall be used solely in connection with the above-captioned action and not for any other purpose, including other litigation.

5. All material designated confidential-attorney's eyes under this Protective Order shall used

1  solely in connection with the above-captioned action and not for any other purpose, including
2  other ligitation.
3  6.    Plaintiffs' and Defendants' counsel, and their staff, experts and consultants shall not make
4  copies of confidential- attorney's eyes only material except as necessary for purposes of this
5  action.
6  7.    If confidential - attorney's eyes only material, as defined in this Protective Order,
7  including any portion of a deposition transcript designated as confidential or attorney's eyes only,
8  is included in any papers to be filed with the Court, such papers shall be labeled "Confidential-
9  Subject to Court Order" and filed under seal until further order of this Court.
10  8.    At the conclusion of this action, all confidential material covered by this Protective Order,
11  including all copies, will be destroyed.
12  9.    The provisions of the Order shall remain in full force and effect until this Court orders
13  otherwise.
14  / / /
15  / / /

10. This Protective Order does not supersede any prior protective order that may have been entered by the Court, and is not intended to limit the use of either party of documents obtained through other means.

11. The parties' agreement to this Protective Order does not indicate an agreement that such a protective order is necessary or warranted under the relevant legal standards.

SO STIPULATED:

Dated. April 7, 2010                                      EDMUND G. BROWN JR.
                                                          Attorney General of California


                                                          /s/  Jose A. Zelidon-Zepeda
                                                          JOSE A. ZELIDON-ZEPEDA
                                                          Deputy Attorney General
                                                          *Attorneys for Defendants*

Dated:  April 7, 2010                                     PRISON LAW OFFICE


                                                          /s/  Sara Norman
                                                          Sara Norman
                                                          Attorneys for Plaintiffs


In accordance with the parties' stipulation, IT IS SO ORDERED.

Dated: April 12, 2010                                     _____
                                                          The Honorable Nandor Vadas
                                                          United States Magistrate Judge