| | |
|---|---|
| ROB BONTA<br>Attorney General of California<br>SHARON A. GARSKE<br>Supervising Deputy Attorney General<br>State Bar No. 215167<br>JEAN M. TRENBEATH<br>Deputy Attorney General<br>State Bar No. 303386<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA  94102<br>  Telephone:  (415) 510-4438<br>  Fax:  (415) 703-5843<br>  E-mail:  Sharon.Garske@doj.ca.gov<br>*Attorneys for Defendants*<br>*The State of California and CDCR* | Rana Anabtawi<br>State Bar No. 267073<br>Mackenzie Halter<br>State Bar No. 333992<br>Prison Law Office<br>1917 5th Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621<br>Fax: (510) 280-2704<br>Rana@prisonlaw.com<br><br>Sara Norman<br>State Bar No. 189536<br>Law Office of Sara Norman<br>P.O. Box 170462<br>San Francisco, CA 94117-0462<br>Telephone: (415) 236-3763<br>Sara@saranormanlaw.com<br><br>*Attorneys for Plaintiffs* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DERRICK CLARK, et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>　　　　　　　　　　Defendants. | 3:96-cv-01486-CRB<br><br>**STIPULATION AND [PROPOSED] ORDER REVISING REMEDIAL PLAN RE: DATABASE SEARCH**<br><br>Judge:　　The Honorable Charles R. Breyer<br><br>Action Filed:　April 22, 1996 |

The parties stipulate to the following amendment of the Remedial Plan in this case.

**RELEVANT BACKGROUND**

Under the Settlement Agreement between the parties in this case, the parties adopted a negotiated Remedial Plan, which governs the identification of services the Defendants are to provide to incarcerated persons with developmental disabilities.  (*See* Settlement Agreement and Order, Dec. 3, 2001.)

Under the March 2002 Remedial Plan, efforts to identify incarcerated persons with

developmental disabilities incarcerated within the California Department of Corrections and Rehabilitation (CDCR) are continuous and include, but are not limited to, a database search[1]. (*See* Remedial Plan, Amended Mar. 1, 2002, at 14.)  The remedial plan requires:

> F. <u>Identification of Inmates Within the Existing Population</u>
>
> 1. <u>Database Search</u>: The CDC and [California Department of Developmental Services] DDS must attempt to share information about inmates who may have previously been evaluated or received services from DDS.  A database search (with a 50 percent or above probability rate) will identify individuals from within CDC's population who may have been previously evaluated by and/or received services from DDS.  This database search will be repeated every six months to assist in identifying any inmate with a history of services from DDS, who has entered CDC's system, but has not been identified as having a developmental disability by CDC staff.  (The CDC is negotiating with DDS for release of this information.)  Information from the DDS client list received by Health Care Services Division (HCSD) must be reviewed by departmental clinicians upon receipt.  Inmates identified through this process must be referred to their institution's/facility's health care services for screening using four-phase process. [ ] The CDC will consider obtaining case histories from DDS of inmates having received services from DDS if information obtained will be of significant value in assessing or providing services to individual inmates.

(Remedial Plan, Amended Mar. 1, 2002, at 14.)

On May 16, 2011, CDCR and DDS established a Data Use Agreement.  The Agreement provided CDCR with access to confidential DDS information, and it included a two-step process for matching data that the parties to the Agreement have carried out.  The first step was to match the *Clark* population to the DDS Consumer Master File.  The second step was to match the overall CDCR population to the DDS Consumer Master File.  A comparison of the incarcerated persons in CDCR and people identified as having had contact with DDS was conducted in 2012.  Defendants found that the process was extraordinarily resource-intensive and yielded very little information that was of value in identifying additional people who should be included in the DDP.  After extensive review and comparison of the samples, multiple meet-and-confers between the parties to educate plaintiffs on the process, and consultation with the Court experts, the parties

---

[1] This stipulation does not address the other ways CDCR uses to identify incarcerated persons with developmental disabilities as included in the remedial plan.

1  agreed that given the limitations of the data match, it was not an effective method of evaluating
2  how well the DDP and its identification process served their intended purpose.  Accordingly, the
3  parties agreed that this provision of the Remedial Plan should be removed.
4      The parties stipulate that CDCR is not required to conduct a database search in consultation
5  with the DDS as required by the remedial plan. (Remedial Plan, Amended Mar. 1, 2002, at 14.)

**IT IS SO STIPULATED.**

Dated: 9/20/2024                        PRISON LAW OFFICE


                                        By: */s/ Rana Anabtawi*
                                            Rana Anabtawi


Dated: 9/20/2024                        LAW OFFICE OF SARA NORMAN


                                        By: */s/ Sara Norman*
                                            Sara Norman

                                        *Attorneys for Plaintiffs*

Dated: 9/20/2024                        Rob Bonta
                                        Attorney General of the State of California


                                        By: */s/ Sharon A. Garske*
                                            Sharon A. Garske
                                            Supervising Deputy Attorney General

                                        *Attorneys for Defendants*


**IT IS SO ORDERED.**

Dated: _____           _____
                                        The Honorable Charles R. Breyer
                                        United States District Court Judge

**FILER'S ATTESTATION**

As required by Local Rule 5-1, I, Sharon A. Garske, attest that I obtained concurrence in the filing of this document from the signatories and that I have maintained records to support this concurrence.

Dated: 9/20/2024

Rob Bonta
Attorney General of the State of California

By: */s/Sharon A. Garske*
Sharon A. Garske
Supervising Deputy Attorney General
Attorneys for Defendants

CF1997CS0006
44331489.docx

# CERTIFICATE OF SERVICE

| Case Name: | *Clark, et al. v. State of California, et al.* | No. | **3:96-cv-01486-CRB** |
|---|---|---|---|

I hereby certify that on <u>September 20, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STIPULATION AND [PROPOSED] ORDER REVISING REMEDIAL PLAN RE: DATABASE SEARCH**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 20, 2024</u>, at San Francisco, California.

| H. Su | */s/ H. Su* |
|---|---|
| Declarant | Signature |

CF1997CS0006
44331581.docx